IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FRANKLIN CARL HODGE, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-10-1283-D
)
BRANDON KEENE, *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 9], filed pursuant to Fed. R. Civ. P. 12(b)(6). By this Motion, Defendants seek only a partial dismissal of the Complaint, which asserts claims under 42 U.S.C. § 1983 and state law. Defendants request the dismissal of any § 1983 claim based on an alleged violation of Plaintiff's constitutional rights under the Fifth, Eighth and Fourteenth Amendments, which they contend are inapplicable under the circumstances. Defendants concede that the Complaint sufficiently alleges a Fourth Amendment excessive force claim against each of them.

In response, Plaintiff agrees that the Fifth and Eighth Amendments do not apply, but he argues that the Due Process Clause of the Fourteenth Amendment does apply, citing *Roska v. Peterson*, 328 F.3d 1230, 1245 (10th Cir. 2003). Defendants reply that *Roska* is distinguishable.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

### Plaintiff's Complaint

The Complaint alleges that Plaintiff was a resident of Norman, Oklahoma, on October 1, 2009, and he was suffering from mental and emotional illnesses that rendered him impaired. Defendant Brandon Keene allegedly was a police officer for Defendant City of Norman. The Complaint states that, while Plaintiff was at his residence, Officer Keene used "deadly force to seize Plaintiff, which consisted of shooting Plaintiff at least four times" even though Plaintiff was unarmed. *See* Compl. [Doc. No. 1], ¶¶ 9-10. Based on these alleged facts – as well as allegations characterizing Officer Keene's conduct as unreasonable, arbitrary, malicious, willful, conscience-shocking, and deliberately indifferent to Plaintiff's rights, and allegations designed to establish that the City of Norman was responsible – the Complaint avers that Defendants violated a number of constitutional guarantees. As stated above, only the applicability of the Due Process Clause of the Fourteenth Amendment is placed at issue by Defendant's Motion and Plaintiff's Response.

### Discussion

Depending on factual context, a § 1983 excessive force claim "can be maintained under the Fourth, Fifth, Eighth or Fourteenth Amendment . . . and each carries with it a very different legal test." *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). Plaintiff acknowledges that "[c]laims that state actors used excessive force – deadly or not – in the course of a seizure are analyzed under the Fourth Amendment's reasonableness standard." *See* Pl.'s Resp. [Doc. No. 11] at 4 (quoting *Roska*, 328 F.3d at 1243. Plaintiff also acknowledges that "[s]ubstantive due process

analysis [under the Fourteenth Amendment] is appropriate in cases that involve excessive force where a specific constitutional provision – such as the Fourth or Eighth Amendment – does not apply." *See Roska*, 328 F.3d at 1243; Pl.'s Resp. [Doc. No. 11] at 5. However, Plaintiff argues in support of his Fourteenth Amendment claim that "no one can say at this juncture of the case whether Plaintiff was seized within the meaning of the Fourth Amendment" and, thus, he should be allowed to pursue alternative Fourth and Fourteenth Amendment theories until discovery reveals sufficient facts to determine which constitutional provision applies. *See* Pl.'s Resp. [Doc. No. 11] at 6.

Defendants argue that, assuming the truth of the facts alleged in the Complaint, Plaintiff was a citizen subjected to deadly force by being shot four times, and his shooting necessarily amounted to a "seizure" within the meaning of the Fourth Amendment. Thus, Defendants contend that Plaintiff's § 1983 claim must be governed by the Fourth Amendment. Stated another way, only if Plaintiff's shooting did not amount to a "seizure" would the substantive due process standard of the Fourteenth Amendment apply.

The court of appeals recently noted in a § 1983 case brought by a shooting victim, *Brooks v. Gaenzle*, 614 F.3d 1213, 1219 (10th Cir. 2010), that "what constitutes a 'seizure' has been repeatedly addressed by the Supreme Court." After reviewing numerous decisions on this subject, the court of appeals concluded in *Brooks* that the use of deadly force against an individual constitutes a "seizure" if it results in a clear restraint of the individual's freedom of movement. *See id*. at 1219-20. The plaintiff in *Brooks* was a fleeing suspect who "continued to flee and elude authorities for days," and a deputy's "intentional use of deadly force in shooting Mr. Brooks neither prevented his freedom of movement nor otherwise succeeded in stopping him." *See id*. at 1220, 1222. Accordingly, Mr. Brooks' § 1983 claim under the Fourth Amendment failed as a matter of law. *See id*. at 1225.

The factual allegations in this case bear no similarity to *Brooks* and provide no basis for a reasonable inference that Plaintiff – an innocent citizen at his residence – was <u>not</u> seized when he was shot four times. In fact, the Complaint plainly states that Officer Keene "used deadly force to seize Plaintiff." *See* Compl. [Doc. No. 1], ¶ 9. Under these alleged facts, Plaintiff's § 1983 claim is governed by the Fourth Amendment. Accordingly, because a specific constitutional provision governs Plaintiff's excessive force claim, he cannot assert a § 1983 claim for a denial of substantive due process in violation of the Fourteenth Amendment.

**Conclusion**

Therefore, assessing the Complaint under the applicable Rule 12(b)(6) standard, the Court finds that Plaintiff fails to state a claim for a violation of the Due Process Clause and any § 1983 claim asserted under the Fourteenth Amendment must be dismissed.[1]

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 9] is GRANTED as set forth above. Any § 1983 claim based on an alleged violation of Plaintiff's rights under the Fifth, Eighth or Fourteenth Amendment is DISMISSED. Plaintiff's §1983 claim based on an alleged violation of his rights under the Fourth Amendment remains pending.

IT SO ORDERED this 2nd day of May, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff included in his Response an alternative request for leave to amend his pleading if Defendant's Motion is granted "in whole or in part." *See* Pl.'s Resp. [Doc. No. 11] at 6. Because Plaintiff conceded the insufficiency of his § 1983 claim with respect to the Fifth and Eighth Amendments, the Court assumes this request is directed at the Fourteenth Amendment issue. However, because the case will proceed and a deadline for amended pleadings will be set, Plaintiff may file a timely motion to amend at a later time if his investigation should uncover facts to support a Fourteenth Amendment theory.